1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
EFRAIN GONZALEZ,                    )    No. C 06-0420 MMC (PR)
8                                    )
          Petitioner,               )    **ORDER TO SHOW CAUSE**
9                                    )
     v.                             )
10                                   )
A. KANE,                            )
11                                   )
          Respondent.               )
12  _____  )

13          Petitioner, a prisoner incarcerated at the California Correctional Training facility

14  Soledad and proceeding pro se, filed the above-titled petition for a writ of habeas corpus

15  pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

16                              **BACKGROUND**

17          Petitioner was convicted of murder in the first degree in the Superior Court of Madera

18  County.  He was sentenced to a term of 25 years to life in state prison.  He was denied parole

19  for a second time in 2003 by the California Board of Prison Terms ("BPT").  He has

20  challenged this finding unsuccessfully in habeas petitions filed at all three levels of the

21  California courts.

22                              **DISCUSSION**

23  A.    Standard of Review

24          This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

25  in custody pursuant to the judgment of a State court only on the ground that he is in custody

26  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

27  Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

28  order directing the respondent to show cause why the writ should not be granted, unless it

**United States District Court**
For the Northern District of California

1    appears from the application that the applicant or person detained is not entitled thereto."

2    28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

3    petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

4    Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

5    431 U.S. 63, 75-76 (1977)).

6    B.    Legal Claims

7        Petitioner lists three claims in his petition, which read as follows: (1) "The Board's

8    refusal to set petitioner's parole release date, based on the evidence presented, unlawfully

9    deprived him of parole."; (2) "The 'some evidence' standard deprives petitioner of

10   reasonable review of the Board's parole decisions and of the liberty interest thereby."; and

11   (3) "The state court decisions are an unreasonable application of supreme court authority."

12       The foregoing claims do not specify the violation of any federal law, as is required to

13   state a cognizable claim for federal habeas relief.  See 28 U.S.C. § 2254(a).  The petition

14   expressly incorporates, however, the arguments raised in state court briefs attached thereto,

15   which do set forth a federal claim, specifically, a claim that the BPT's finding of unsuitability

16   violates petitioner's liberty interest in release on parole, an interest protected by the Due

17   Process Clause of the Fourteenth Amendment.  See Petition at 9 (incorporating Ex 1); Ex 1 at

18   13, 18-26.  The Court liberally construes the instant petition as setting forth this federal

19   claim, which is a cognizable basis for federal habeas relief.

20                              **CONCLUSION**

21       In light of the foregoing, the Court orders as follows:

22       1.    The Clerk of the Court shall serve by certified mail a copy of this order and the

23   petition, along with all attachments thereto, upon respondent and respondent's attorney, the

24   Attorney General for the State of California.  The Clerk shall also serve a copy of this order

25   on petitioner.

26       2.    Respondent shall file with the Court and serve on petitioner, within 60 days of

27   the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

28   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

United States District Court

For the Northern District of California

2

**United States District Court**
For the Northern District of California

1  granted based on petitioner's cognizable claim.  Respondent shall file with the answer and

2  serve on petitioner a copy of all portions of the state trial record that have been transcribed

3  previously and that are relevant to a determination of the issues presented by the petition.

4        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

5  the Court and serving it on respondent within 30 days of the date the answer is filed.

6        3.     In lieu of an answer, respondent may file, within 60 days of the date this order

7  is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee

8  Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

9  motion, petitioner shall file with the Court and serve on respondent an opposition or

10  statement of non-opposition within 30 days of receipt of the motion, and respondent shall file

11  with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

12        4.     Petitioner is reminded that all communications with the Court must be served

13  on respondent by mailing a true copy of the document to respondent's counsel.

14        5.     It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

15  Court and respondent informed of any change of address and must comply with the Court's

16  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

17  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18        6.     Upon a showing of good cause, requests for a reasonable extension of time will

19  be granted as long as they are filed on or before the deadline which they seek to extend.

20        IT IS SO ORDERED.

21  DATED: May 12, 2006

22                              _____
                              MAXINE M. CHESNEY
23                              United States District Judge

24

25

26

27

28